WILLIAM A. BRIGGS *vs.* CALLENDER, MCAUSLAN & TROUP
COMPANY.

PROVIDENCE—NOVEMBER 30, 1901.

PRESENT: Tillinghast, Rogers, and Douglas, JJ.

(1) *Pleading and Practice.  Demurrers.  Master and Servant.  Proper
Appliances.*

If an appliance, when properly constructed, does not in itself constitute a
dangerous instrumentality, no duty is imposed upon the owner to so
locate it as to avoid some possible accident.

If such appliance becomes dangerous from improper construction or neg-
lect, such defect is the proximate cause of any accident ensuing from
its use while imperfect, and its location as well as the location of the
person injured are mere conditions, not causes, of the accident.  Hence
a declaration alleging the location as the cause of the damage is demur-
rable.

(2) *Pleading and Practice.  Duplicity.*

Duplicity is merely an error in form and may be cured by amendment
striking out the objectionable matter.

TRESPASS ON THE CASE for negligence.    Heard on demurrer
to declaration, and demurrer sustained.

DOUGLAS, J.    This action is brought to recover damages
caused by the fall of a metal cash-box, from rails attached to
the ceiling of defendant's store, upon the plaintiff's head.

The defendant demurs to the third and fourth counts of the
declaration.

(1)    The third count alleges that it was the defendant's duty
to locate the terminus of the railway over a counter and not
over a space where employees were expected to stand, and
assigns the neglect of this duty as the cause of the accident.
We are of the opinion that the demurrer to this count should
be sustained.    A system of rails and boxes arranged for the
purpose of conveying money to and from the counter of a
store and a central station in the store, when properly con-
structed, does not constitute a dangerous instrumentality
from which damage may be reasonably apprehended.    Hence
the duty is not imposed upon the owner to place the terminus

of the lines with special reference to avoiding some possible accident. If such a system becomes defective and dangerous from improper construction or neglect, it is obvious that such defect must be the proximate cause of any accident ensuing from the use of the system while imperfect, and that the location of the structure, as well as of the person injured, are mere conditions, not causes, of the accident.

While it may be proper and, indeed, necessary to allege the position of the structure and of its parts as matter of inducement in order to show how the accident occurred, it is bad pleading to allege the location as the cause of the damage, as is done in this count.

(2)    The fourth count alleges negligence in allowing the cash-box and the track over which it was propelled to become worn and out of repair, and again in locating the terminus of the railway as set forth in the third count. For the reasons stated above, the allegation of the location of the terminus as a breach of duty is erroneous. It is pleaded as an independent ground of complaint in the same count in which another independent ground of complaint is set out. The error here is formal, and may be cured by amendment striking out the allegation of improper location or stating the position of the terminus as a circumstance of the accident. As the count stands, the demurrer must be sustained.

Demurrer sustained, and case remitted to the Common Pleas Division for further proceedings.

*L. W. Horton and Comstock & Gardner*, for plaintiff.

*W. B. Vincent and Edwards & Angell*, for defendants.